# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **MICHAEL HAMMOND,** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| UNITED STATES POSTAL SERVICE | ) |
| GOFFSTOWN POSTMASTER MARC A. RICHER | ) |
| 11 CHURCH STREET, #1 | ) |
| GOFFSTOWN, NH 03045-9998 | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, <u>as amended</u> and the Privacy Act, 5 U.S.C. § 552a, and 5 U.S.C. § 706 to order the production of agency records and for injunctive and other relief seeking the release of agency records wrongfully withheld from the Plaintiff Michael Hammond by the Defendant. The requested records will contribute significantly to the public understanding of the operations or activities of their government.

## JURISDICTION AND VENUE

2. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552 (a)(4)(B) and 5 U.S.C. § 552a

(g). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552 (a)(4)(B).

## **PARTIES**

3. **Plaintiff.** Mr. Michael Hammond ("Hammond") is a citizen of the United States of America, and his residence is 1 Stark Highway South, Dunbarton, NH 03046, and has requested agency records as set forth below.

4. **Defendant.** In his official capacity a is a agent/agency of the United States of America, which operates the Goffstown Post Office ("Post Office") with an office at 11 Church Street, Goffstown, New Hampshire, 03045 via the Consumer Affairs and Claims Division New Hampshire/Vermont District and has unlawfully refused Plaintiff Michael Hammond access to agency records.

## **FACTS**

5. By letters dated May 3, 2007, May 9, 2007 and June 23, 2007 Plaintiff Mr. Hammond made a Freedom of Information Act ("FOIA") request of the Goffstown Post Office by and through counsel requested disclosure "for copies of any records that were prepared, received, transmitted, collected and/or maintained by the Goffstown Post Office, relating to Mr. Hammond's **1 Stark Highway South Address.**" See Exhibits 1, 2, and 3.

6. By letter(s) dated May 3, 2007 were sent (via facsimile and regular U.S. mail) Plaintiff, by and through counsel, submitted a request to the Post Office pursuant to the Freedom of Information Act seeking access to documents pertaining to himself and his postal service as stated in the said request letter. The letter(s) were sent to:

    Chief Administrative Officer and Secretary
    Postal Regulatory Commission

>901 New York Avenue, NW, Suite 200
>Washington, DC 20268-0001
>
>And
>
>Goffstown Postmaster Marc A. Richer
>11 Church Street, #1
>Goffstown, NH 03045-9998

A true and accurate copy of the May 3, 2007 letter is attached hereto as Exhibit 1.

7. The May 3, 2007 FOIA request sought documents prepared by the Post Office in connection with Plaintiff's dispute over the Post Office's unilateral, arbitrary and unjustified action in withholding Mr. Hammonds' mail and ruining his Christmas (2006).

8. At the direction of the Postmaster, Marc A. Richer the Goffstown Post Office discontinued mail delivery service to Plaintiff Mr. Hammond based on the Postal Service's unjustified demand that Plaintiff Mr. Hammond move his mailbox from the position it has occupied for decades. See Exhibit 4.

9. Plaintiff's May 3, 2007 FOIA request was re-directed on May 9, 2007 pursuant to a letter from the Postal Regulatory Commission of the same date. See Exhibit 5.

10. The Post Office responded on May 24, 2007, practically ignoring Plaintiff's request, claiming that the requested records did not exist (despite federal regulations that require such records be created and maintained) and denying the remainder of Plaintiff's request, ultimately providing a single document (one page Rural Route Inspection report dated 3/9/06-See Exhibit 6), despite the fact that the Plaintiff's FOIA request was clearly and explicitly made for twenty seven years of records of five categories or classifications of documents and reports required by United States Postal Regulations to be created by each Post Office. See Exhibit 6.

11. The May 9, 2007 FOIA request letter was sent (via regular and U.S. mail) to:

> The Freedom of Information/Privacy Acts Office
> U.S. Postal Service
> 475 L'enfant Plaza SW Rm 8800
> Washington, DC 20260-5243

12. The Post Office claimed that the documents were exempted from disclosure pursuant to 39 U.S.C. § 410 (c) and § 412c respectively. See Exhibit 6.

13. That 39 U.S.C. § 410 (c) provides that

> "subsection (b)(1) of this section all no require the disclosure of-
> (1) the name or address, past or present, of any postal patron;
> (2) information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed;
> (3) information prepared for use in connection with the negotiation of collective-bargaining agreements under chapter 12 of this title [39 USCS §§ 1201 et seq.] or minutes of, or notes kept during, negotiating sessions conducted under such chapter;
> (4) information prepared for use in connection with proceedings under chapter 36 of this title [39 USCS §§ 3601 et seq.];
> (5) the reports and memoranda of consultants or independent contractors except to the extent that they would be required to be disclosed if prepared within the Postal Service; and
> (6) investigatory files, whether or not considered closed, compiled for law enforcement purposes except to the extent available by law to a party other than the Postal Service.
> (d) (1) A lease agreement by the Postal Service for rent of net interior space in excess of 6,500 square feet in any building or facility, or part of a building or facility, to be occupied for purposes of the Postal Service shall include a provision that all laborers and mechanics employed in the construction, modifications, alteration, repair, painting, decoration, or other improvement of the building or space covered by the agreement, or improvement at the site of such building or facility, shall be paid wages at not less than those prevailing for similar work in the locality as determined by the Secretary of Labor under section 3142 of title 40.
>  (2) The authority and functions of the Secretary of Labor with respect to labor standards enforcement under Reorganization Plan Numbered 14 of 1950 [5 USCS § 903 note], and regulations for contractors and subcontractors under section 3145 of title 40, shall apply to the work under paragraph (1) of this subsection.

(3) Paragraph (2) of this subsection shall not be construed to give the Secretary of Labor authority to direct the cancellation of the lease agreement referred to in paragraph (1) of this subsection."

14. That 39 U.S.C. 410 (c) is clearly designed to allow the Post Office to maintain a competitive advantage over entities such as FedEx and United Parcel Service, neither of which is a party to this suit.

15. That Plaintiff has neither desire nor intention to share route information with private mail competitors of the United States Post Office.

16. The Post Office should have provided the requested information that was responsive to Plaintiff's request(s) and redacted that which it believed to be exempted from disclosure, and if Plaintiff believed the redaction(s) to contain information Plaintiff was entitled to, Plaintiff could have challenged the redactions.

17. That contrary to the Post Office's denial based on 39 U.S.C. § 412c, 39 U.S.C. 412 does not have a section c. See Exhibit 6

18. The Post Office also claimed that 5 U.S.C. § 552 (b)(3) also allowed for the documents in question to be withheld. See Exhibit 6

19. The documents requested were not provided, despite, for example the requirement of Postal Handbook M-38's Management of Rural Delivery Service (1980) Chapter 5, 510, and 511 which requires an annual inspection of postal routes.

20. The June 23, 2007 appeal was sent (via facsimile and U.S. mail) to:

Chief Counsel, Customer Protection and Privacy
Freedom of Information/Privacy Acts Office
U.S. Postal Service
475 L'enfant Plaza SW Rm 6138
Washington, DC 20260

21. **The specific FOIA requests by the Plaintiff included**

    A. POM 165.3 Customer Complaint Control Log pertaining to the Goffstown, NH Post Office

    B. Postal Handbook M-38 510 report of 511 annual inspection of routes pertaining to 1 Stark Highway South, Dunbarton, NH

    C. 513 requires that for Rural Routes Annual Inspection Report must be completed in duplicate form 4248-all copies pertaining to 1 Stark Highway South, Dunbarton, NH

    D. 514 Official Travel Route current form 4003 Official Rural Route Description pertaining to 1 Stark Highway South, Dunbarton, NH

    E. 515.24 Worksheet -your mailbox needs attention form PS Form 4056 should record this pertaining to 1 Stark Highway South, Dunbarton, NH

    F. All requests in ¶¶ 1-5 from 1/1/1980 to the present

## COUNT I

**(Denial of Access to Records)**

22. Plaintiff incorporates by reference Paragraphs 1-21, inclusive and all allegations contained therein.

23. To date, Defendant has denied, and /or constructively denied, plaintiff access to records he has requested to the above referenced May 3, 2007 FOIA request, and May 9, 2007 redirection of that request and June 23, 2007 appeal.

24. Plaintiff Michael Hammond has exhausted all administrative remedies pursuant to the Freedom of Information Act related to the May 3, May 9, and June 23, 2007 FOIA request and appeal.

25. Plaintiff has a statutory right to the records that he seeks and there is no legal basis for the Defendant's refusal to disclose those records.

26. Defendant should be enjoined from withholding the records that are responsive to the Plaintiff's above referenced May and June 2007 FOIA request(s) and appeal.

27. Plaintiff also has a statutory right to expedited processing of his FOIA requests and Plaintiff has exhausted all administrative remedies.

28. That Defendant's letter dated July 23, 2007 was the last administrative appeal available to Plaintiff.

29. Defendant should be ordered to expedite the processing of Plaintiff's FOIA requests.

30. Plaintiff also has a statutory right to a waiver of all fees related to the processing of his FOIA requests.

31. Defendant should be enjoined from charging Plaintiff any fees relating to the processing of his FOIA requests because the information requested will contribute significantly to the public's understanding of the operations or activities of the government and/or is primarily in the public interest and is not in the commercial interest of the requestor.

**COMPLAINT FOR INJUNCTIVE RELIEF**

32. Plaintiff incorporates by reference Paragraphs 1-31, inclusive and all allegations contained therein.

33. Defendant Goffstown Post Office has suspended postal service to Plaintiff's residence claiming Mr. Hammond must immediately move a mailbox that was precisely where that same Post Office had demanded that it be (re) placed.

34. Beginning on December 18, 2006 the Goffstown Postal Office has suspended postal service delivery to Plaintiff Michael Hammond's home and seized and destroyed Plaintiff Mr. Hammond's mail without giving him an opportunity to claim his mail.

35. In no instance were proper Postal Service procedures followed.

36. The unsuitable "receptacle " of Mr. Hammond's has remained unchanged for decades if not a century, and has been serviced by the Goffstown branch of the United States Postal Service for decades.

37. POM 632.53 requires that non-conforming mailboxes be reported to the postmaster.

38. Postal regulations then provide that "The postmaster sends a Form 4506".

39. Plaintiff Hammond believes his mailbox has been located in the same location for approximately 100 years.

40. In decades of required inspections by the "postmaster or of a designees while accompanying the carrier on the route" this nonconforming mailbox was overlooked for the past twenty seven (27) years at a bare minimum, since the adoption of the Management of Rural Delivery Service Handbook M-38

41. The Goffstown Post Office has, since it suspended service to Plaintiff improperly return his mail as refused, and destroyed thousands of dollars of periodicals belonging to Plaintiff.

42. Plaintiff has sent letters to the Goffstown Postmaster seeking justification for the discontinuance of postal service to his residence after decades of interrupted service as well as resumption of that service to no avail.

43. Plaintiff Mr. Hammond reasonably relied on the written representations by the Goffstown Post Office that they would hold his mail; Plaintiff Mr. Hammond actually

took the Postal Service at its written word and assumed that the Goffstown Post Office would hold his mail as he had been told it would.

44. Thousands of dollars of periodicals and other mail belonging to Mr. Hammond has been destroyed by the Goffstown Postal Service.

45. Neither due process nor common courtesy were provided to Mr. Hammond when, beginning on December 18, 2006 the Goffstown Postal Office seized and destroyed Plaintiff Mr. Hammond's mail.

46. At some point the Post Office begun to return Plaintiff Mr. Hammond's mail as "unclaimed" without giving him an opportunity to claim his mail.

47. In no instance were proper Postal Service procedures followed. See Exhibit 4, April 3, 2007 letter to Goffstown Postmaster Marc A. Rich.

48. Mail sent to Mr. Hammond from Concord, New Hampshire on March 1, 2007 was returned to the sender and received by the original sender on March 10, 2007 and marked "unclaimed".

49. To that end, Plaintiff has made FOIA request via counsel for information pertaining to that discontinuance of service, again, all to no avail.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff prays that this honorable court:

A. Order the Goffstown Post Office to forthwith resume delivery of mail to Plaintiff's home;

B. Order the Goffstown Postmaster to Cease and Desist destroying Plaintiff Mr. Hammond's mail during the pendency of this action.

C. Declare that the defendant's refusal to disclose the records requested by plaintiff under the freedom of information act and privacy act is unlawful;

D. Order defendant to make the requested records available to plaintiff under the Freedom of Information Act and privacy act as requested forthwith;

  I. POM 165.3 Customer Complaint Control Log pertaining to the Goffstown, NH Post Office;

  II. Postal Handbook M-38 510 report of 511 annual inspection of routes pertaining to 1 Stark Highway South, Dunbarton, NH;

  III. Domestic Mail Manual "DMM" [2-15-07] 513 requires that for Rural Routes Annual Inspection Report must be completed in duplicate form 4248-all copies pertaining to 1 Stark Highway South, Dunbarton, NH;

  IV. DMM [2-15-07] 514 Official Travel Route current form 4003 Official Rural Route Description pertaining to 1 Stark Highway South, Dunbarton, NH;

  V. [] 515.24 Worksheet -your mailbox needs attention form PS Form 4056 should record this pertaining to 1 Stark Highway South, Dunbarton, NH;

  VI. All requests in ¶¶ 1-5 from 1/1/1980 to the present.

E. Order preliminary and permanent injunctive relief as appropriate;

F. Order the Defendant to waive all fees related to the processing of Plaintiff's requests;

G. Award plaintiff's costs and reasonable attorneys' fees in this action and;

    H.  Grant such other and further relief as the court may deem just and proper.

                        Respectfully submitted,
                        Michael Hammond
                        By his attorney,

DATED:  August 22, 2007       /s/ Penny S. Dean
                              Penny S. Dean, Esq. Bar No. 13838
                              Law Offices of Penny S. Dean
                              59 Warren Street
                              Concord, NH 03301-3951
                              (603) 230-9999

## NO AFFIDAVIT IS REQUIRED UNDER F.R.C.P. L.R.  7.1 (a)(2)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded this date via ECF to specific address/individual to be determined

DATED: August 22, 2007                /s/ Penny S. Dean
                                      Penny S. Dean